MONTEITH *v.* LUKINS.

1. LANDLORD AND TENANT—ESTOPPEL—MISTAKE.
    Where lessee sowed wheat on lessor's assurance that he might have it in accordance with their agreement for a lease, lessor is estopped from denying lessee's right to such wheat although by mistake of the parties and of the scrivener the term of the lease was made to end absolutely in the spring without mention of lessee's right to have and harvest the wheat so sown. .

2. SAME—LACHES—ACQUIESCENCE—DELAY IN APPLYING FOR REFORMATION OF LEASE.
    Although lessee discovered the mistake in the lease before beginning his term, his failure to apply to lessor for a correction thereof, *held*, not to amount to laches and acquiescence, in view of lessor's assurance that he might proceed in accordance with their agreement.

Appeal from Allegan; Cross (Orien S.), J. Submitted June 8, 1922. (Docket No. 38.) Decided November 2, 1922.

Bill by Caroline L. Monteith against Lynn L. Lukins to enjoin the harvesting of certain crops. Defendant filed a cross-bill for the reformation of a lease. From a decree for plaintiff, defendant appeals. Modified.

*Ira C. Montague,* for plaintiff.

*Ed. J. Anderson,* for defendant.

CLARK, J. On March 1, 1918, for a term of two years beginning April 1, 1918, plaintiff leased her farm of 63 acres to defendant for money rent of $375 per year, reserving, however, 28 acres of fall wheat then upon the land, which wheat belonged to plaintiff and Wiley,

On the question of relief from mistake of law as to effect of instrument, see note in 28 L. R. A. (N. S.) 785.

a former tenant, but giving defendant the right to
sow a like crop of 28 acres during the last season
of his term, and to harvest the same in the season
following.    Just before April 1, 1920, defendant
sought a lease for an additional year.    The parties
agreed upon terms which included a like money rent,
and the right to defendant to sow 28 acres of fall wheat
in such year and to have and harvest it in the season
following.    By mistake of the parties and of the
scrivener, who prepared the lease for the year, the
term was made to end absolutely on April 1, 1921,
without mention of the right of defendant to have and
harvest such wheat in the season following.    Defend-
ant discovered the mistake in the lease before the be-
ginning of the term.    He was advised by the scrivener
to postpone applying to plaintiff for correction of the
lease.    He continued in possession of the farm.
Just before sowing the wheat in such last year he
talked with plaintiff about it.    We quote:

"She says,   *   *   *   'put in just what you are sup-
posed to have, the same as Wiley had when he was
here.'    I says 'all right Mrs. Monteith, that is what
I wanted to know,' and that is what I put in."

Defendant's wife testified that plaintiff said to de-
fendant respecting the wheat:

"Just put in the 28 acres you have coming to
you."   *   *   *

Defendant paid the rent.

The record fairly indicates that plaintiff first ques-
tioned defendant's right to such wheat shortly before
he left the farm in March, 1921.    Defendant attempted
to harvest the crop.    Plaintiff filed an injunction bill
and had a restraining order.    She caused the wheat
to be harvested and sold.    Defendant answered and
prayed reformation of the lease and an accounting.
We think the facts as stated are established by the

evidence. The trial judge found the defendant was estopped to urge the mistake and to ask the relief prayed because of his taking possession of the land and paying the rent with knowledge of the mistake and without seeking a correction thereof. From the decree entered defendant has appealed.

We think there was not such laches and acquiescence of defendant as to preclude his claiming the wheat. He sowed the wheat on the assurance of plaintiff that he might have it in accordance with their agreement for the lease. Therefore she should not now be heard to deny, upon the mistaken provision of the lease, the right of defendant to have the crop. The decree will be modified to allow to defendant the net proceeds from the sale of such wheat as shown by the proof. We are in accord with the other provisions of the decree respecting the account.

The decree as to the relief afforded, and so modified, is affirmed, with costs of this court to defendant.

FELLOWS, C. J., and WIEST, MCDONALD, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.